IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRENCE GLENN,<br>Petitioner, | Civil Action No. 7:11-cv-00451 |
| v. | MEMORANDUM OPINION |
| CHRISTOPHER ZYCH,<br>Respondent. | By: Hon. Michael F. Urbanski<br>United States District Judge |

Terrence Glenn, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner claims that his conviction in the United States District Court for the Middle District of North Carolina is unconstitutional. This matter is presently before the court for preliminary review, pursuant to Rules 1(b) and 4 of the Rules Governing § 2254 Cases. After reviewing petitioner's submissions, the court advises petitioner that it intends to construe the petition as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and requests his consent.

I.

The United States District Court for the Middle District of North Carolina entered petitioner's criminal judgment for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), pursuant to a written guilty-plea agreement.[1] United States v. Glenn, No. 1:08-cr-00209 (M.D.N.C. Feb. 12, 2010). The District Court sentenced petitioner to, inter alia, ten years' incarceration, pursuant to 18 U.S.C. § 924(a)(2).[2] Petitioner appealed, and the

---

[1] The written guilty-plea agreement does not include a waiver of appellate or collateral review rights.
[2] A conviction for violating § 922(g)(1) permits a maximum sentence of ten years' incarceration. 18 U.S.C. § 924(a)(2). A felon convicted of violating § 922(g)(1) who has three previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, must be imprisoned for no less than fifteen years. 18 U.S.C. § 924(e)(1). Nothing in the record indicates petitioner was sentenced pursuant to § 924(e)(1).

Fourth Circuit Court of Appeals affirmed his conviction on October 22, 2010. Petitioner is presently confined within this district at the United States Penitentiary in Lee County, Virginia.

Petitioner alleges that he was considered a felon for purposes of § 922(g)(1) because of an alleged felony conviction in North Carolina. He previously pleaded guilty in a Forsyth County, North Carolina, court to one count of "felony possession with intent to sell and deliver cocaine and marijuana"; one count of misdemeanor resisting a public officer; and two counts of felonious assault on a government official. Petitioner claims his charges were consolidated for sentencing and he received a total sentence of only six to eight months' imprisonment. Petitioner argues that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), invalidates all of his North Carolina convictions as a qualifying felony to support his § 922(g)(1) conviction.[3] Petitioner believes he can proceed in this court via 28 U.S.C. § 2241 and § 2255(e) to challenge his conviction.[4] Petitioner argues that § 2255 relief is inadequate or ineffective because his federal conviction is based on prior, non-qualifying state convictions and an intervening change in law invalidates using any prior state conviction to support his § 922(g)(1) conviction.

II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a § 2255 motion is "inadequate or ineffective to test the legality of [the

---

[3] Petitioner describes "Simmons v. United States, (No. 08-4475)" as a decision from the Supreme Court of the United States, but that docket number corresponds with United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), from the Fourth Circuit Court of Appeals. In Simmons v. United States, No. 09-676, 130 S. Ct. 3455 (2010), the Supreme Court of the United States granted Simmons' petition for a writ of certiorari, vacated judgment, and remanded the case to the Fourth Circuit Court of Appeals to reconsider the appeal in light of Carachuri-Rosendo v. Holder, 560 U.S. ___, 130 S. Ct. 2577 (2010). The Fourth Circuit Court of Appeals in Simmons clarified when to rely on a North Carolina felony conviction as a sentencing enhancement.

[4] Section 2255(e), commonly called "the savings clause," states:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

2

applicant's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of a conviction only when a petitioner satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Petitioner has not filed a previous § 2255 motion and, thus, does not qualify to proceed under § 2255's savings clause. 28 U.S.C. § 2255(e). See In re Jones, 226 F.3d at 334 (permitting a § 2241 petition to challenge a conviction only if, inter alia, a change in substantive law occurs between a direct appeal and the "first § 2255 motion"). Petitioner fails to show that § 2255 is inadequate or ineffective to test the legality of his conviction, and his claim cannot be addressed via § 2241.

The § 2241 petition and attachments conform to 28 U.S.C. § 2242 and Rule 2 of the Rules Governing § 2255 Proceedings. The petition is signed under penalty of perjury, specifies all grounds for relief with supporting facts, and substantially follows the form § 2255 motion.[5]

---

[5] Petitioner instituted this § 2241 action in September 2011, before his conviction became final for purposes of 28 U.S.C. § 2255(f)(1). See United States v. Clay, 537 U.S. 522, 524 (2003) (stating a conviction is final when the time to seek direct review expires). See also U.S. Sup. Ct. R. 13(1) (stating appellant must file a petition for a writ of certiorari within ninety days of judgment being appealed). If petitioner now filed a § 2255 motion, it would likely be untimely pursuant to 28 U.S.C. § 2255(f)(1).

3

The court concludes that the § 2241 petition should be liberally construed as a § 2255 motion. See, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (recognizing that federal courts should liberally construe pro se complaints). Before the court can construe the § 2241 petition as a § 2255 motion, it must advise petitioner of the consequences and limitations of filing a § 2255 motion. Castro v. United States, 540 U.S. 375, 377 (2003).

First, a federal convict who wishes to file a § 2255 motion must normally do so within one year of the date upon which the conviction becomes final. If a convict does appeal a conviction, the conviction generally becomes final ninety days after a United States Court of Appeals affirms it. Occasionally, a petitioner may demonstrate circumstances requiring the court to calculate the one year statute of limitations from a different date, such as the date upon which petitioner discovers new evidence or the date on which a new rule of law applicable to petitioner's case was recognized by the Supreme Court and made retroactive to § 2255 proceedings.[6]

Second, petitioner must apply for certification from a United States Court of Appeals to file a second or subsequent § 2255 motion about the same conviction and/or sentence after petitioner files the first § 2255 motion.[7] In light of this limitation on filing successive § 2255

---

[6] Section 2255(f) states:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

[7] Section § 2255(h) states:
A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain--

4

motions, the court advises petitioner that petitioner may also wish to include any other necessary claim upon which petitioner believes his conviction and/or sentence is invalid or unconstitutional if petitioner elects to have the court construe the § 2241 petition as a § 2255 motion. If petitioner has additional grounds and fails to amend, those claims raised in a subsequent § 2255 motion would be dismissed as successive unless petitioner first received certification from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion.

III.

For the foregoing reasons, the court advises petitioner that it intends to construe his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, and transfer the § 2255 motion to the United States District Court for the Middle District of North Carolina.[8] Petitioner shall have twenty-one days to consent or object to the court construing the petition. Petitioner is advised that the court will adjudicate the § 2241 petition if petitioner does not consent to the petition being construed or does not timely respond to the accompanying Order.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner.

Entered: February 3, 2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

[8] This court does not have jurisdiction to adjudicate petitioner's § 2255 motion because a § 2255 motion must be filed with the court that imposed the sentence. 28 U.S.C. § 2255(a); Swain, 430 U.S. at 378.

5